FILED
SUPERIOR COURT
OF GUAM

2019 JUN -3 PM 1: 57

CLERK OF COURT

By:_____



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>TARKO JR. TANISHIRO,<br><br>             Defendant. | CRIMINAL CASE NO. CM0179-19<br><br>DECISION AND ORDER |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on May 30, 2019, for hearing on Defendant Tarko Jr. Tanishiro's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Present were Defendant with counsel Assistant Alternate Public Defender Brycen Breazeale and Assistant Attorney General Leonardo Rapadas on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on May 30, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

### BACKGROUND

On April 27, 2019, Defendant was charged with Family Violence (As a Misdemeanor) and Violation of a Court Order (As a Misdemeanor). (Magistrate's Compl., Apr. 27, 2019). These charges stem from allegations that Defendant was harassing his ex-girlfriend Jacklyn Saburo, a violation of his pre-trial release conditions in Superior Court of Guam Criminal Case

No. CF0195-19, and that he threatened, while holding a beer bottle by the heck of the bottle as a weapon, to crack her head with it, if she did not get a male individual out of "his" residence. (Decl. of Matthew A. Phelps, Magistrate's Compl., Apr. 27, 2019).

On May 17, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $1,000 cash bail. *See* Commitment Order, Apr. 27, 2019. The Government did not file a written opposition, but orally opposed the Motion for Bail Redetermination on May 30, 2019.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the one thousand dollars ($1,000) cash bail. *See generally*, Mot. Bail Redetermination, May 17, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (i)    length of his/her residence on Guam;
    (ii)    his/her employment status and history, and financial condition;
    (iii)    his/her family ties and relationships;
    (iv)    his/her reputation, character and mental and physical condition;
    (v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
    (vi)    his/her history relating to drug or alcohol abuse;
    (vii)    the identity of the reasonable members of the community who will vouch for his/her reliability;
    (viii)    whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing,

appeal or completion of sentence of an offense under Federal, state or local law; and

   (ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person in the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, to wit, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a United States citizen and a twenty-seven year resident of Guam; has most of his family ties on Guam including his parents

and children; is employed; has no cash-on-hand or assets; and has no apparent history of drug or alcohol abuse. (Mot. Bail Redetermination at 4, May 17, 2019).

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and Defendant's ability to comply with Court orders. In CF0195-19, Defendant was ordered to stay away from as well as not assault, threaten, or harass the alleged victim, and to obey all the laws of Guam. *See* Order of Conditional Release and Appearance Bond, Mar. 28, 2019. The allegations of the instant matter occurred only one month after the allegations occurred in CF0195-19, and are against the same victim. Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with third-party custodians in the future.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for June 18, 2019 at 10:00 a.m.

**IT IS SO ORDERED,** *nunc pro tunc to* **May 30, 2019,** this 3rd day of June, 2019.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG d APD

JUN 03 2019  Time: 2 Pm

Cynthia T. Tiong
Deputy Clerk, Superior Court of Guam